ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY RAY JONES, #1090850, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0888-P |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent.[1] | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Huntsville Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: On November 16, 2001, Petitioner pled guilty pursuant to a plea

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

bargain agreement to aggravated robbery in the 265th Judicial District Court of Dallas County, Texas, No. F01-32654-HR. The trial court entered an order of deferred adjudication, and placed him on a ten-year term of community supervision/probation. Thereafter, the State sought to proceed with a motion to adjudicate guilt. On March 1, 2002, the trial court adjudicated Petitioner guilty of aggravated robbery and assessed punishment at twenty-five years imprisonment. (Petition (Pet.) at 2). Petitioner appealed. On April 2, 2003, the Fifth District Court of Appeals at Dallas dismissed Petitioner's direct appeal for want of jurisdiction. Jones v. State, No. 05-02-00350-CR, slip op. at 1 (Tex. App. -- Dallas 2003, no pet.). Petitioner did not file a petition for discretionary review.[2]

On December 12, 2005, Petitioner filed in the convicting court a state application for writ of habeas corpus, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the conviction at issue in this case. (See Attachment I for copy of the first page of the art. 11.07 application). On February 8, 2006, the Texas Court of Criminal Appeals (TCCA) denied the application without written order. See Ex parte Jones, No. WR-58,003-02, www.cca. courts.state.tx.us/opinions/Case.asp?FilingID=240522 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals on May 22, 2006).

In his federal petition, filed on April 4, 2006, Petitioner contends the twenty-five year sentence was imposed in violation of the plea agreement, trial counsel rendered ineffective assistance at sentencing, and appellate counsel rendered ineffective assistance on appeal. (Pet. at

---

[2] The April 2, 2003 opinion of the Fifth District Court of Appeals sets out the procedural history noted above.

7-8).[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner's claims in this case relate to his sentencing and appeal. Thus, the timeliness of his federal petition is dependent on the date on which Petitioner's conviction and penitentiary sentence, which occurred after the revocation of his deferred adjudication probation, became final. In Foreman v. Dretke, 383 F.3d 336, 340-41 (5th Cir. 2004), a case raising only claims challenging the revocation of deferred adjudication probation, the Fifth Circuit held that a timely-

---

[3] For purposes of this recommendation, the petition is deemed filed on March 31, 2006, the date Petitioner signed the brief in support and purportedly placed it along with the federal petition in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing). This action was initially filed in the U.S. District Court for the Southern District of Texas, Houston Division, which in turn transferred it to this Court on May 10, 2006.

filed appeal to a state intermediate court, which was dismissed for "want of jurisdiction," constituted "direct review" for purposes of the one-year limitation period for filing a federal habeas petition. Id.; see also Caldwell v. Dretke, 429 F.3d 521, 524 n.6 (5th Cir. 2005), petition for certiorari filed (Apr 27, 2006) (NO. 05-10671). Applying Foreman to the case at hand, the Court concludes that Petitioner's probation revocation and sentencing became final on May 2, 2003, thirty days after the dismissal of his appeal for want of jurisdiction. Thus, the one-year period commenced to run the next day on May 3, 2003, and expired on Sunday May 2, 2004. Petitioner did not file this federal habeas petition until March 31, 2006, one year, ten months and twenty-nine days after the one-year limitation period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year period. As noted above, Petitioner did not file his state application until December 12, 2005, one year, seven months, and ten days after the expiration of the one-year period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired). Therefore, the federal petition is clearly time barred absent equitable tolling.[4]

---

[4] As search of the website for the Texas Court of Criminal Appeals reflects that on January 8, 2004, Petitioner file a motion for leave to file a petition for writ of mandamus, which was denied without written order on January 21, 2004. see Ex parte Jones, Nos. WR-58,003-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=222951 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals on May 22, 2006). The pendency of this motion for leave to file did not statutorily toll the limitation period. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).

The Court has given Petitioner an opportunity to explain why the petition should not be dismissed as time barred, and whether equitable tolling should apply to this case. See May 23, 2006 Order to Show Cause. As of the date of this recommendation, Petitioner has not responded to this Court's Order to Show Cause.

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He not only delayed the filing of his art. 11.07 application by one year seven months and ten days after the expiration of the one-year period, but he also waited 51 days, following the denial of his art. 11.07 application, before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

5

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition with prejudice as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 1st day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

W01-32654-R(A)

Cause No. F01-32654-HR
(The Clerk of the convicting court will fill this line.)


FILED
DEC 12 2005
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

## COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

Anthony Ray Jones                                          02 / 26 / 55
**NAME OF APPLICANT** (Please print full name)              **DATE OF BIRTH**

Huntsville Unit                    1090850
**PLACE OF CONFINEMENT**           **TDCJ-ID NUMBER**

(1) What court entered the judgment of conviction you want relief from?
    (Give the number and county of the court.)

    #265 Judical District of Dallas County

(2) What was the cause number in the trial court? F01-32654-HR

(3) What was the trial judge's name? Honorable Keith Dean

(4) What was the date of judgment? March 1, 2002

(5) What was the length of sentence? 25 Years

(6) Who assessed punishment? (Check one)     (a) Judge (x); (b) Jury ( )

(7) What offense or offenses were you were convicted of (all counts)?

    Aggravated Robbery

Misc. Docket No. 00-100        Page 2 of 10       Attachment I        00002